## MARSHALL BLINN, APPELLANT,

*v.*

## WILLIAM F. CROSBY ET AL., APPELLEES,

Service of notice of appeal upon the Clerk of the District Court is essential, in order to confer jurisdiction upon this Court.

Where such service has been had, upon a proper application this Court will permit a return to be made, showing the fact of service, after the rendition of judgment in this Court upon the assumption of due service.

Such amended return protects the judgment from collateral attack.

A gave a mortgage to B, which was defective for want of a scroll or seal, and in other respects, but which was placed on record in the County Auditor's office. Subsequently he gave a mortgage to C, who had notice of the first mortgage, which was likewise recorded.

After the second mortgage, A gave to B a new mortgage, to correct the defects of the first, and in lieu of it. Suit to foreclose the last mortgage of B was instituted, to which C was a party defendant, but made no appearance. B made defense of want of sufficient mental capacity to execute the mortgage, which was sustained. The decree of the lower Court was reversed on appeal to this Court, and a decree of foreclosure here entered and enforced.

Service of the notice of appeal upon the Clerk of the District Court was evidenced by his own admission in writing, according to the practice up to that date.

At a subsequent term of this Court, it was decided that the Clerk of the lower Court could not waive service upon him of the notice of appeal, and that such service was necessary to give jurisdiction.

Upon application made, this Court afterwards permitted the return to be so amended, as to show that notice of appeal had actually been served upon the Clerk of the lower Court.

In the trial of the cause at bar in the Court below, question was made of the validity of the mortgage of B as against C, and also of the said foreclosure decree of this Court.

Both were overruled, because adjudicated in the former suit.

APPEAL from Second District Court, holding terms at Olympia.

*J. R. Lewis*, for Appellant.

An inspection of the record of the decree relied upon, shows it to be void under the ruling of *Port Blakely Mill Co.* v. *Clymer*, 1 Washington Territory, 607; *Garrison* v. *Cheney*, 505; *Settlemier* v. *Sullivan*, 7 Otto, 449.

The mortgage of 1873 not having been executed in accordance with the statute, imparted no notice. (Jones on Mortgages, sections 248 and 308; Statutes of Washington Territory, 1863, p. 426, sections 1 and 430.) No seal shown of record, none presumed. (*Switzer* v. *Knapps*, 10 Iowa, 72; *Miller* v. *Ware*, 31 Ib. 524.) A defectively acknowledged deed is not notice. (*Brinton* v. *Seevers*, 12 Iowa, 389; Jones on Mortgages, Sec. 309.)

*J. P. Judson* and *McNaught, Ferry & McNaught*, for Appellees.

A judgment cannot be attacked collaterally for defective or irregular service of process. (Freeman on Judgments, 3d edition, Sec. 126, note 2; *Whitwell* v. *Barbier et al.*, 7 Cal. 54; *Dorente* v. *Sullivan*, 7 Cal. 279; *Peck* v. *Strauss et al.*, 33 Ib. 678; *Cole* v. *Butler*, 43 Maine, 401; *Hendrick* v. *Whittemore*, 105 Mass. 23; *Drake* v. *Duvenich et al.*, 45 Cal. 455; *Morey* v. *Moss*, 22 Iowa, 380; *Thompson* v. *Tolmie*, 2 Peters, 162; *Quincy* v. *Porter*, 37 Cal. 458; *Quincy* v. *Baker*, 37 Ib. 465; *Hahn* v. *Kelly*, 34 Ib. 394.)

The return may be amended before or after judgment. (Wade on Notice, Secs. 1381–3; *Kirkwood* v. *Reedy*, 10 Kansas, 453; *Toledo R. R. Co.* v. *Butler*, 53 Illinois, 323; *McLure* v. *Wells*, 46 Missouri, 311; *Gavitt* v. *Doub*, 23 Cal. 79; Powell on Appellate Proceedings, 173, Sec. 91.)

Record of the mortgage without a seal imparted notice. (Wade on Notice, Sec. 140; Story's Eq. Jurisprudence, Vol. 1, Secs. 395–8, 400.)

The release of a former mortgage—of a first mortgage by a second—will not in equity estop the mortgagee from claiming under the first, if the record is inoperative. (*Swift* v. *Kreamer*, 13 Cal. 526; *Burrell* v. *Schie et al.*, 9 Ib. 455; *Dillow* v. *Byrne*, 5 Ib. 455; *Carr* v. *Caldwell*, 10 Ib. 380.)

A recital in the second mortgage, that it was executed to

cover defects in the first, imparts notice of the first.  (Jones'
Mortgages, Vol. 1, Sec. 595.)

Opinion by HOYT, Associate Justice.

This action was brought to secure the foreclosure of a cer-
tain mortgage upon real estate; and the only controversy there-
in was as to an issue, raised by the answer of certain defendants,
who claimed under a judgment and decree of this Court, upon
which the land described in the complaint of the plaintiff here-
in had been levied upon and sold.  And the principal question
made in the Court below, and here, and the only one which it
is necessary for us to decide, is as to whether or not this Court
had jurisdiction of the cause in which said judgment and de-
cree were made and entered.  At the time said cause was heard
and said judgment rendered, the only proof of the service of the
notice of appeal on the Clerk of the District Court was a certifi-
cate made by him, that he thereby acknowledged due service of
such notice of appeal ; and as there was no appearance by the
appellees in this Court, if the record in said cause now dis-
closed no more as to the service on such clerk, we should be of
the opinion that the said case would fall within the rule of the
case of the *Port Blakely Mill Company* v. *Clymer*, 1st Wash. Ty.
Reports, 607; and unless the judgment therein rendered would
be aided by the presumption that the Court would not have pro-
ceeded without other proof of the service of said notice on the
clerk, it would be void and of no effect.  But since the ren-
dition of said judgment, by leave of this Court first obtained,
certain affidavits have been filed in said cause, tending to show
service of said notice upon said clerk; and upon an examination
thereof, we are of the opinion that, while the service shown by
them to have been made may have been, to some extent, irregu-
lar, and thus subject to a direct attack in said action, yet it was
not so far irregular as to be absolutely void; and that therefore
the service shown by said affidavits was sufficient to give this
Court jurisdiction, and that the judgment therein rendered would
be valid, and not subject to collateral attack.  An objection is
made, however, by the plaintiff in this action, that this Court had
not the power to allow said affidavits to be filed in said action,
and that they are no part of the record, and cannot be consid-

ered in determining the question of the validity of said judgment; but with this claim we cannot agree, as we are of the opinion that wherever a Court has assumed jurisdiction of a cause, and has proceeded to judgment therein, it should allow proof of any fact that existed at the time said judgment was rendered to be made, in order that the jurisdiction thus assumed should be upheld, and the judgment rendered be sustained when assailed in a collateral proceeding. And what was done in the said cause was clearly within the rule. It was the service on the clerk that gave jurisdiction, and not the proof of such service; and therefore it was the duty of the Court, upon ascertaining that it had assumed to enter judgment in the cause when the record did not show service, to allow proof to be then made and filed as to what was in fact done; and if it appeared from the facts thus established that due service had been made, the defect in the record would be cured, and the jurisdiction assumed sustained.

It follows that, in our opinion, the judgment in question was valid, and the action of the Court below in sustaining the defense thereunder not error; and that the judgment and decree rendered in the Court below must be affirmed with costs. Let the cause be remanded to the District Court, with instructions to carry into effect the judgment heretofore rendered therein.